In the Matter of MARK M. SIMONELLI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [842 NYS2d 587]—

Per Curiam. Respondent was admitted to practice by this Court in 1998. He has practiced law in Ohio, where he was admitted to the bar in 1996.

By order dated April 18, 2007, the Supreme Court of Ohio suspended respondent from practice for a period of one year, with the latter six months of the suspension stayed on the condition that respondent submit to monitoring of his law practice. The order also directed respondent to complete CLE courses and to pay the costs of the disciplinary proceeding in the amount of $4,678.83. The Ohio order was based on findings that respondent, during his handling of several bankruptcy matters, engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by filing inaccurate documents and failing to disclose required information, and that he neglected the matters. He was also found guilty of improperly sharing legal fees with a non-lawyer.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted an affidavit in mitigation. Respondent did not have a prior disciplinary record, cooperated in the Ohio

proceedings, and has disassociated himself from the non-lawyer with whom he shared legal fees.

We grant petitioner's motion. We further conclude that, considering all of the circumstances and in the interest of justice, respondent should be reciprocally suspended for a period of one year, effective as of April 18, 2007, the date of his suspension in Ohio.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective April 18, 2007, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).